IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RONALD LEE JACKSON, JR.,**

**Petitioner,**

**v.**
                                                    **Civil No.: 2:18CV77**
                                                    **JUDGE BAILEY**

**JENNIFER SAAD, Warden,**

**Respondent**.

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On August 6, 2018, the pro se Petitioner, Ronald Lee Jackson ("Jackson") filed a

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1. Because

Jackson did not complete the petition properly, on August 8, 2018, former United States

Magistrate Judge Seibert issued a notice of deficient pleading and intent to strike the

pleading and dismiss the action. ECF No. 7. On September 4, 2018, Jackson refiled his

petition as required by the notice issued on August 8, 2018. ECF No. 10. On September

19, 2018, Jackson was granted leave to proceed *in forma pauperis*. Jackson is a federal

inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from

the United States District Court for the Northern District of West Virginia.  This matter is

pending before the undersigned for an initial review and Report and Recommendation

pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1]  Unless otherwise noted, the information in this section is taken from Jackson's criminal docket
available on PACER and all ECF numbers are from that case.  See United States v. Jackson,
3:15-cr-36-GMG-RWT.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009)

On September 16, 2015, the United States indicted Jackson for 17 drug related crimes. ECF No. 1. On April 4, 2016, Jackson signed a plea agreement by which he agreed to plead guilty to Count One, Distribution of Cocaine Base, or "crack," in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) of the indictment. The agreement provided that the maximum penalty to which Jackson would be exposed by his guilty plea was not more than 20 years, a fine of $1,000,000 and a term of at least 3 years of supervised release. The agreement also included nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, the agreement provided for Jackson's understanding that the district court was not bound by those sentencing recommendations and he had no right to withdraw his guilty plea if the court did not follow the sentencing recommendations set forth in the agreement. The agreement also provided that the parties stipulated and agreed that the total relevant conduct of Jackson regarding the Indictment was 94.56 grams of cocaine base or "crack" and 5.26 grams of heroin. ECF No. 22. The plea hearing was conducted on April 4, 2016, before United States Magistrate Judge Trumble. ECF No. 24.

The Presentence Report was filed on July 25, 2016. ECF No. 31. Jackson's Base Offense Level was 24 as the result of the stipulated drug amount. Id. at 9. Pursuant to USSG § 2D1.1(b)(1), two levels were added due to White's possession of firearms. There were no Chapter Four enhancements. Pursuant to USSG § 3E1.1(a), the offense

---

(courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

level was reduced two levels. Finally, pursuant to USSG § 3E1(b), the offense level was reduced an additional level providing for a Total Offense Level of 23. Id. at 10. Jackson's criminal convictions resulted in a subtotal criminal history of 8. However, a maximum of four points could be counted under USSG § 4A1.1(c). Accordingly, Jackson's criminal history category was III. Id. at 17. Based on a total offense level of 23 and a criminal history category of III, the guideline range was 57 to 71 months. Id. at 27.

On July 26, 2016, Judgment was entered sentencing Jackson to a term of imprisonment of 60 months. In addition, upon completion of his imprisonment, Jackson is subject to three years of supervised release. A special assessment of $100 was imposed, but Jackson was not fined nor was he ordered to pay restitution. ECF No. 33. According to the Bureau of Prisons Inmate Locator, Jackson's projected release date is January 25, 2020.[2]

Jackson did not file an appeal. Accordingly, his conviction became final when the time for seeking review expired. Clay v. United States, 537 U.S. 522 (2003). Jackson's judgment of conviction was entered on March 2, 2009, and therefore, his conviction became final on March 16, 2009, fourteen days later. See Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. Thereafter, Jackson had one year, or until March 16, 2010, to file a § 2255 motion. Jackson did not file a § 2255 Motion. Although the Court could issue a Notice of Conversion, it would appear the same would be futile, because Jackson cannot meet the alternative criteria of 28 U.S.C. § 2255(f).

### III.   JACKSON'S CLAIMS

---

[2] Under the First Step Act, Jackson's release date will likely move forward on July 19, 2019.

In support of his § 2241 petition before this Court, Jackson alleges that only facts arising out of a final conviction can be considered at sentencing and not elements of acquitted, dismissed or uncharged crimes. Jackson maintains that under the plea agreement, he was subject to 46-57 months imprisonment, but with a firearm enhancement, he received 60 months. Jackson maintains that because he was not charged or convicted of a firearm crime, he is innocent of the enhancement. For relief, Jackson seeks an order vacating his sentence and remanding for a resentence of 47 months.

## IV.   LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Jackson's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the Jackson's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which

set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs.,
901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Jackson clearly is not
entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences
are generally required to proceed under § 2255 in the district court of conviction.  By
contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to
address the execution of a sentence, rather than its validity, and is to be filed in the district
where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from
such things as the administration of his parole, computation of his sentence by parole
officials, disciplinary actions taken against him, the type of detention, and prison
conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d
132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their
convictions and sentences through a habeas corpus petition under § 2241, there is
nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity
of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is
"inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The
law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective
merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the

---

[3]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## V.    ANALYSIS

Although Jackson does not raise the savings clause, he is not entitled to its application. Because Jackson challenges his sentence, he must meet all four prongs of

7

the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Jackson meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[5] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion,

---

[5]  In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

8

the <u>Lester</u> Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  <u>Id.</u> at 716. Because Jackson was sentenced under the post-<u>Booker</u>, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and therefore, fails to satisfy the § 2255(e) savings clause.

Because Jackson cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Jackson shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Jackson by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 2, 2019.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE